H. MIDWOOD & SONS *vs.* EXECUTIVE ASSOCIATION OF WHOLESALE GROCERS OF NEW ENGLAND.

PROVIDENCE—JUNE 21, 1897.

PRESENT: Matteson, C. J., Stiness and Tillinghast JJ.

A manufacturer paid certain rebates to an officer of an association who distributed the greater part of them to its members. M., not a member of the association, had sold some of the goods ordered from the manufacturer, and, before such sale, had been assured by the president that he would get the association rebate. It did not appear that this assurance had been authorized by the association. In an action by M. against the association to recover the promised rebate the plaintiffs were nonsuited :—

*Held,* that the funds so realized were not joint profits, nor was there such community of interest between the members as is necessary to constitute them partners.

*Held,* further, that as plaintiffs were not members of the association they were not entitled to any of the rebates.

*Held,* further, that the assurances of the president, in the absence of authority to make them, did not bind the association.

*Held,* further, that the nonsuit was properly granted.

PLAINTIFF'S PETITION for a new trial.

PER CURIAM. We think the nonsuit was properly granted. The testimony fails to show any community of interest between the members of the defendant association which is necessary to constitute them partners. The funds received from the manufacturers for goods ordered by the members of the association, by way of rebates, did not belong to the asso-

ciation, but were sent to its treasurer for convenience of distribution, and were distributed among the members in proportion to the amount of goods which each had ordered from the manufacturer, those only receiving a rebate who had ordered goods of the kind made by the manufacturer paying the rebate. The funds so received were therefore not joint profits.

Moreover, the testimony further shows that the plaintiffs were not members of the association, and consequently were not entitled to any part of the rebates. The letters upon which they relied, written to them by Flanders, do not render the defendants liable, the authority of Flanders to bind the association by these letters not appearing. Even if a payment had been made by Flanders to the plaintiffs, as is now alleged, his authority to make it for the association is not shown ; nor does it appear that such payment was known to the association or ratified by it.

The petition for new trial is denied, and the case is remitted to the Common Pleas Division with direction to enter judgment for the defendants for costs.

*Stephen O. Edwards, Seeber Edwards and Walter F. Angell,* for plaintiffs.

*Charles A. Wilson and Thomas A. Jenckes,* for defendants.